JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRESH EXPRESS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZAKARIA TRAD, an individual, FRESH EXPRESS PRODUCE, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | CASE NO. CV 11-08521 DDP (Ex)<br><br>Assigned to the Honorable Dean D. Pregerson<br><br>**CONSENT DECREE AND PERMANENT STIPULATED INJUNCTION** |

///
///
///

Plaintiff Fresh Express Incorporated ("Plaintiff" or "Fresh Express") filed its Complaint against defendants Zakaria Trad ("Trad") and Fresh Express Produce, Inc. ("Fresh Express Produce") (Trad and Fresh Express Produce collectively "Defendants") on October 14, 2011.  The Complaint asserted claims against Defendants for trademark infringement, false designation of origin, and unfair competition under state and federal law. Defendants denied these allegations.

In conjunction with a settlement of this entire matter, Defendants now agree to this Consent Decree and Permanent Stipulated Injunction ("Stipulated Injunction"), to its prompt entry by the Court, and to each and every provision, order, and decree therein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as the claims arise under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367. This Court has personal jurisdiction over the parties hereto. Venue is proper in this District under 28 U.S.C. §1391.

2.     Plaintiff Fresh Express Incorporated is the owner of the entire right, title and interest in and to the FRESH EXPRESS trademark in connection with packaged fruits and vegetables, salad kits consisting of precut vegetables or fruits and salad dressings, and related goods and services, including but not limited to the following federal trademark registrations:  FRESH EXPRESS, Reg. No. 2,346,673 (issued May 2, 2000); FRESH EXPRESS & Design, Reg. No. 3,028,912 (issued December 13, 2005); FRESH EXPRESS & Design, Reg. No. 2,363,302 (issued June 27, 2000); FRESH EXPRESS, Reg. No. 3,482,338 (issued June 19, 2001); and FRESH EXPRESS KIT ASIAN & Design, Reg. No. 3,909,403 (collectively the

"FRESH EXPRESS Mark"). Fresh Express's federal registrations are valid, enforceable, and subsisting.

3. Plaintiff alleges that Defendants' use of the names and marks FRESH EXPRESS, FRESH EXPRESS PRODUCE, FRESH EXPRESS PRODUCE, INC., the email addresses fresh_express1@yahoo.com and freshexpressproduce@gmail.com, and the domain names www.freshexpressproduceinc.com and www.freshexpressproduce.info, and similar variants (collectively the "FRESH EXPRESS PRODUCE Intellectual Property") including, but not limited to, use of said intellectual property in conjunction with a distinctive design in packaging and advertising, constitutes trademark infringement, false designation of origin, and unfair competition, under federal and California law, in violation of Plaintiff's rights in the FRESH EXPRESS Mark and the above-identified registrations. In an effort in good faith to resolve this dispute, Defendants agree to cease all use of the FRESH EXPRESS PRODUCE Intellectual Property, or anything confusingly similar to the FRESH EXPRESS Mark, on or prior to February 19, 2013, except as provided for in the written settlement agreement executed by the parties concurrently herewith.  Defendants shall prepare and file an amendment to the corporate articles of defendant Fresh Express Produce Inc., by February 19, 2013, changing their corporate name to one not including the word EXPRESS or a word that is phonetically equivalent to EXPRESS.

4. As of February 19, 2013, except as provided for herein and otherwise provided for in the written settlement agreement executed by the parties concurrently herewith, Defendants and their officers, directors, owners, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with Defendants, shall be and are hereby permanently enjoined and restrained from all of the following:

     a. Doing business under the name "Fresh Express Produce, Inc." or any other name, trademark, or domain name confusingly similar to the FRESH EXPRESS Mark or otherwise containing the word EXPRESS or a word that is phonetically equivalent to EXPRESS;

     b. Using in any manner the FRESH EXPRESS Mark, any FRESH EXPRESS PRODUCE Intellectual Property, or any other name, mark or domain name that is confusingly similar to or a colorable imitation of the FRESH EXPRESS Mark, alone or in combination with other words or designs, or otherwise containing the word EXPRESS or a word that is phonetically equivalent to EXPRESS, as a trademark, trade name, component of a trade name, domain name, or otherwise, to market, advertise, or identify products and/or services not produced or authorized by Plaintiff;

     c. Otherwise infringing Plaintiff's FRESH EXPRESS Mark;

     d. Renewing or obtaining any new telephone directory listings, telephone directory advertisements, or Internet listings or websites or domain names that incorporate the words FRESH EXPRESS, EXPRESS, any other name, domain name, or trademark confusingly similar to the FRESH EXPRESS Mark, or any other word that is phonetically equivalent to the word EXPRESS (existing listings may remain until they expire if they cannot be updated or removed);

     e. Answering the telephone by using the name FRESH EXPRESS PRODUCE, FRESH EXPRESS, any other name, domain name, or trademark confusingly similar to the FRESH EXPRESS

Mark, or any other name that uses or contains the word EXPRESS or a word that is phonetically equivalent to EXPRESS;

5. Except as provided for in the written settlement agreement executed by the parties concurrently herewith, Defendants represent and warrant that they will, pursuant to 15 U.S.C. § 1118, destroy all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles and any other matter in the possession, custody, or under the control of Defendants or their agents or distributors bearing the name Fresh Express Produce Inc. or the FRESH EXPRESS PRODUCE Intellectual Property in any form or manner whatsoever, or any mark that is confusingly similar to or a colorable imitation of the FRESH EXPRESS Mark (including, without limitation, the FRESH EXPRESS PRODUCE Intellectual Property), on or prior to February 19, 2013.

6. Except as provided for in the written settlement agreement executed by the parties concurrently herewith, Defendants, pursuant to section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), shall serve upon counsel for Plaintiff Fresh Express on or prior to May 15, 2013, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of this Stipulated Injunction and implemented adequate and effective means to either discontinue doing business and/or discontinue offering or selling goods or services bearing the name Fresh Express Produce, the FRESH EXPRESS PRODUCE Mark, including but not limited to the email addresses fresh_express1@yahoo.com and freshexpressproduce@gmail.com and the www.freshexpressproduceinc.com and www.freshexpressproduce.info domain names, or any mark that is confusingly similar to or a colorable imitation of the FRESH EXPRESS Mark. In the event that Defendants fail to serve such a report prior to May 15, 2013, Plaintiff may provide

written notice to Defendants that they are in violation of this Stipulated Injunction. If Defendants fail to cure the violation and serve the report described herein within ten (10) days of receiving such notice (time being of the essence), Fresh Express may notify the Court, and Defendants shall be liable for and pay to Fresh Express its reasonable attorneys' fees in connection with the enforcement by the Court of this Stipulated Injunction.

7. Each party shall pay its own attorneys' fees and costs that have accrued on or before the execution of this Stipulated Injunction.

8. If Defendants breach any term of this Stipulated Injunction, Defendants shall be liable for and pay to Plaintiff Fresh Express its reasonable attorneys' fees in connection with any future enforcement by the Court of this Stipulated Injunction.

9. This Court retains jurisdiction over this Stipulated Injunction and any applications with regard to enforcement of it shall be directed to this Court.

**IT IS SO ORDERED**.

Dated: February 15, 2013

_____
The Honorable Dean D. Pregerson
United States District Court Judge